ALBERT V. B. BENNETT, Appellant, v. MARGARET ADELIA WARDELL, Respondent, Impleaded with Others.

*Bill of particulars — when not required of one alleging that a devise, under which defendant claims, is void.*

The complaint in this action, brought for the partition of real estate, alleges that the plaintiff and some of the defendants are tenants in common, but that the defendants Wardell claim an interest in the premises under an apparent devise which is void.

*Held*, that an order, made upon the motion of the defendants, requiring the plaintiff to serve a bill of particulars stating the particular grounds upon which

it is claimed that the devise is void should be reversed, as the case was not one in which a bill of particulars should be required.

APPEAL from an order, made at the Kings County Special Term, directing the plaintiff to furnish a bill of particulars stating the particular grounds on which the devise to the defendants Wardell, referred to in the complaint, is therein claimed to be void.

*Lansing & Judge,* for the appellant.

*Morris & Pearsall,* for the respondent Wardell.

DYKMAN, J.:

This is an action for the partition of real property, and the complaint alleges the plaintiff and some of the defendants to be tenants in common, but that the defendants Wardell claim an interest in the premises under an apparent devise which is void.

The defendants made a motion and obtained an order requiring the plaintiff to serve a bill of particulars stating the particular grounds upon which it is claimed the devise stated in the complaint is void. The plaintiff has appealed from the order, and it cannot be sustained. If the plaintiff made an effort to comply with the requirements of the order appealed from, he could only furnish his arguments and legal reasons and conclusions upon which he believes the devise to be void. No bill of particulars of the claim of the plaintiff can be furnished, for he sets up no claim. He merely asserts that the defendants Wardell have no claim. The case is, therefore, not a case in which a bill of particulars should be required.

The order should be reversed, with ten dollars costs and disbursements.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Order granting particulars reversed, with ten dollars costs and disbursements.